UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17cv61802

AMBER PRESCOTT,

    Plaintiff,

v.

FRONTLINE ASSET STRATEGIES, LLC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL
JUDGMENT, ATTORNEY FEES AND COSTS,
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff AMBER PRESCOTT ("Plaintiff"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 55(b), respectfully requests that the Court enter a Final Default Judgment against Defendant FRONTLINE ASSET STRATEGIES, LLC, ("Defendant"), and pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 7.3 of the Local Rules for the United States District Court for the Southern District of Florida, an award of reasonable attorneys' fees and costs incurred by Plaintiff in this matter, and in support thereof, states the following:

    1.    On September 16, 2017, Plaintiff commenced the above styled action by filing the Complaint [D.E. 1].

    2.    On September 19, 2017, Defendant was served with a summons and a copy of the Complaint, whereby Defendant had until October 10, 2017, to file a responsive pleading to the Complaint.

    3.    Defendant failed to file a responsive pleading to the Complaint before the October 10, 2017 deadline, and as of October 15, 2017, no filings whatsoever have been submitted by

Defendant.

      4.      Plaintiff filed a Motion for Clerk's Default on October 11, 2017 [D.E. 5].

      5.      The Clerk entered a Default against Defendant on October 11, 2017 [D.E. 6].

      6.      The allegations of the Complaint, of which Defendant has now admitted, establish multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Sta. § 559.551 *et seq*. (the "FCCPA").

      7.      In light of the reasons set forth herein, Plaintiff respectfully submits this Motion for Entry of Default Final Judgment and Attorney Fees and Costs, along with the incorporated Memorandum of Law and proposed Default Final Judgment.

## MEMORANDUM OF LAW

      8.      When a default is entered against a defendant, all of Plaintiff's well-pled allegations are deemed admitted. *See* Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages. Where all the essential evidence is of record, an evidentiary hearing is not required, especially when, as here, Plaintiff seeks statutory damages. Petmed Express, Inc. v. Medpets.com, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (*citing* SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)).

**I.     ESTABLISHING LIABILITY UNDER THE FDCPA AND FCCPA**

      9.      "The FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007).

10. The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

11. To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

12. "The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

**II. PLAINTIFF HAS PLEAD FACTS THAT ESTABLISH FINDING DEFENDANT LIABLE FOR HAVING VIOLATED THE FDCPA AND FCCPA**

13. As set forth in the Complaint and dually admitted by Defendant:

(a) "The debt at issue (the 'Consumer Debt') is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes." See D.E. 1 at ¶ 21;

(b) "The Consumer Debt is a 'debt' governed by the FDCPA and FCCPA." Id. at ¶ 26 (citations omitted);

(c) "Plaintiff is a 'consumer' within the meaning of the FDCPA." Id. at ¶ 27 (citations omitted);

(d) "Defendant is a 'debt collector' as defined by the FDCPA and FCCPA." Id. at ¶ 28 (citations omitted);

(e) "On or about June 07, 2017, Defendant sent a collection letter to Plaintiff (the 'First Collection Letter') in an attempt to collect the Consumer Debt." D.E 1 at ¶ 30;

(f) "The Collection Letters constitutes 'collection activity' within the meaning of §559.715 of the FCCPA." Id. at ¶ 31; and

(g) "Plaintiff did not receive any written notice of assignment of the Consumer Debt at least thirty (30) days before collection activity of the Consumer Debt began." Id. at ¶ 32.

**III.     *COUNT I* – VIOLATION OF THE FDCPA**

14.     As set forth in the Complaint and summarized herein, Defendant's conduct resulted in five (5) violation of the FDCPA, *to wit*:

(a)     Defendant violated §1692g(a)(1), §1692e(2) and §1692e(10) of the FDCPA by failing to adequately inform Plaintiff of the true amount owed to the current creditor, by falsely representing the character and/or amount of the debt, and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover. S*ee* Id. at ¶ 45-54 (wherein the merit of Plaintiff's claim is set forth).

(b)     Defendant violated Section 1692g(a) of the FDCPA by failing to notify Plaintiff of the information and/or rights §1692g(a) requires Defendant to adequately disclose to Plaintiff, if not during Defendant's initial communication with Plaintiff, then *in writing* within five (5) days thereof. Simply put, Defendant failed to provide Plaintiff with all the disclosures mandated by the FDCPA, specifically, those information set forth under §1692g(a)(3)-(5) of the FDCPA. S*ee* Id. at ¶ 55-56.

(c)     Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to

    communicate with Plaintiff by mail. Defendant, by and through the Collection Letter, sought to collect the Consumer Debt from Plaintiff. In short, the envelope used to mail the Collection Letter displayed a bar code and a Quick Response ("QR") code through the transparent window of the envelope. Said barcode and QR code are located on the upper-left portion of the Collection Letter. S*ee* Id. at ¶ 57-58. (wherein the merit of Plaintiff's claim is set forth).

 (d) Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such because the Consumer Debt was assigned and Plaintiff did not receive proper notice thereof. S*ee* Id. at ¶ 59-61 (wherein the merit of Plaintiff's claim is set forth).

 (e) Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt from Plaintiff without the express statutory right, or contractual right, necessary seek the lawful collection thereof. S*ee* Id. at ¶ 62-63 (wherein the merit of Plaintiff's claim is set forth).

## IV. *COUNT II* – VIOLATION OF THE FCCPA

15. As set forth in the Complaint and summarized herein, Defendant's conduct resulted in two (2) violation of the FCCPA, *to wit*:

      (a)    Defendant violated Fla. Stat. §559.72(9) by knowingly seeking the collection of the Consumer Debt without the authority necessary to lawfully seek the collection thereof. *See* Id. at ¶ 66-67 (wherein the merit of Plaintiff's claim is set forth).

      (b)    Defendant violated Fla. Stat. §559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful. Id. at ¶ 68. Defendant knowingly engaged in unlawful conduct in attempting to collect the Consumer Debt from Plaintiff, to wit, Defendant unlawfully displayed a bar code and a QR Code on the envelope Defendant used to mail the Collection Letter in violation of §1692f(8) of the FDCPA. Accordingly, because full compliance with the FDCPA is necessary for Defendant to maintain lawful collection authority of applicable debt, Defendant knowingly sought the unlawful collection of the Consumer Debt from Plaintiff. Id. at ¶ 69. (wherein the merit of Plaintiff's claim is set forth).

## V. DAMAGES

16. A civil cause of action is available to consumers whose rights have been infringed under the FDCPA. 15 U.S.C. § 1692k. The damages for having violated the FDCPA are prescribed as follows: "(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000. . . ." 15 U.S.C. § 1692k(a). Further, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee

as determined by the court. . . ." *Id*.

17.     A civil cause of action is also available to consumers whose rights have been infringed under the FCCPA. Fla. Stat. 559.77. The damages for having violated the FCCPA are prescribed as ". . . actual damage and [] additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees." Fla. Stat. 559.77(2).

18.     As part of Plaintiff's Prayer for Relief, *see* Complaint at 22, Plaintiff sought actual and statutory damages, as per 15 U.S.C. § 1692k(a)(2), for the FDCPA violations committed by Defendant, as well as actual and statutory damages, as per Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant.[1] Plaintiff also sought attorneys' fees and costs, as provided by 15 U.S.C. § 1692k(a)(2) and Fla. Stat. § 559.77(2), for the same.

19.     With respect to *damages,* the Complaint's explicit articulation of how Defendant's conduct violated each provision of the FDCPA and FCCPA, coupled with Defendant's admission of all facts necessary to successfully hold Defendant liable to, not only Plaintiff, but to *any* Floridian that received the same form of collection letter from Defendant, warrants awarding Plaintiff $1,000 in statutory damages for the FDCPA violations committed by Defendant **and** $1,000 in statutory damages for the FCCPA violations committed by Defendant – *for a grand total of $2,000 in statutory damages*. Goodin v. Bank of America, N.A., M.D.Fla.2015, 114 F.Supp.3d 1197 (Debtors were entitled to statutory damages of $1,000 each for violation of the Fair Debt Collection Practices Act (FDCPA), and $1,000 each for violation of the Florida Consumer

---

[1] Plaintiff sought, *inter alia*, actual and statutory damages for both the FDCPA *and* FCCPA violations committed by Defendant. At this time, however, Plaintiff ***withdraws*** his request for ***actual*** damages and only seeks the award of statutory damages.

Collection Practices Act (FCCPA), following bank's repeated communications and inability to correct issues in servicing debtors' loan, despite having actual notice of those issues); <u>Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP</u>, E.D.N.Y.2003, 258 F.Supp.2d 157 (Maximum recovery for plaintiff in action under the Fair Debt Collection Practices Act (FDCPA) who did not allege any actual damages and requested only that she be awarded statutory damages was $1,000, plus costs of the suit and a reasonable attorney's fee); *see also* <u>In re Martinez</u>, Bkrtcy.S.D.Fla. 2001, 266 B.R. 523 (Law firm that violated the Fair Debt Collection Practices Act's (FDCPA's) notice provisions was liable for the maximum amount of statutory damages, $1,000.00, as well as costs and reasonable attorney fees incurred by debtor in prosecution of action; firm ordinarily and regularly violated the FDCPA by including in its initial communications with consumers a validation notice in the same form as that found defective in the instant case, nature of firm's noncompliance was moderate, in that firm provided the notice required by statute, but it failed to meet the hypothetical least sophisticated consumer standard because the notice was overshadowed by other information, and violation was, if not intentional, then measured, given abundance of case law clearly setting forth the standard upon which a debt collector must operate).

## VI. ATTORNEY FEES

### A. *PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION AND IS ENTITLED TO REASONABLE ATTORNEY'S FEE*

20. Both the FDCPA and the FCCPA provides for the payment of reasonable attorneys' fees and costs to successful consumer. *See* 15 U.S.C. § 1692k(3); Fla. Sta. § 559.77.

21. Pursuant to 15 U.S.C. § 1692k(3), in the case of a successful action to enforce liability under the FDCPA, a plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." Similarly, pursuant to Fla. Sta. § 559.77(2),

a successful action to enforce liability under the FCCPA entitles a plaintiff to "…court costs and reasonable attorney's fees."

22.     In this case, Defendant FRONTLINE ASSET STRATEGIES, LLC. ("Defendant") failed to respond to the Plaintiff's Complaint [D.E. 1], and a default final judgment was entered against Defendant. Accordingly, Plaintiff prevailed against Defendant, and is entitled to, *inter alai*, reasonable attorney's fees and costs.

23.     The Second Circuit stated, "the award of attorney's fees to Plaintiff for a debt collector's violation of 'any provision' of the FDCPA is mandatory." Pipiles v. Credit Bureau of Lockport, Inc., 886 F. 2d 22, 28 (2d Cir. 1989), *citing* Emanuel v. American Credit Exchange, 870 F. 2d 805, 809 (2d Cir. 1989). "Under the Fair Debt Collection Practices Act ('FDCPA'), the prevailing Plaintiff is entitled to 'a reasonable attorney's fee as determined by the court.' 1 5 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." Edwards v. National Business Factors, Inc., 897 F. Supp. 458, 459 (D. Nev. 1995) (citations omitted). As the prevailing parties in this case, Plaintiff is entitled to an award of costs and reasonable attorney fees. Thorpe v. Collection Information Bureau, Inc., 963 F. Supp. 1172, 1174 (S.D. Fla. 1996).

24.     Attorneys' fees should not be construed as a special or discretionary remedy. Rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act be a tool for debtors to act as private attorneys general. *See* Graziano v. Harrison, 950 F. 2d 107, 113 (3d Cir. 1991). In re Martinez, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001) aff'd 271 B.R. 696 (S.D. Fla. 2001). *See also*, DeJesus v. Banco Popular de Puerto Rico, 918 F. 2d 232, 235 (1st Cir. 1990).

### B. *PLAINTIFF'S ATTORNEYS' FEES ARE CALCULATED PURSUANT TO THE LODESTAR FORMULA*

25. The United States Supreme Court has explained the calculation for an award of attorneys' fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); *See also* Thorpe, 963 F. Supp. at 1174. Although this decision arose in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.'" Hensley, 461 U.S. at 433, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 758 fn. 2 (1989) (*quoting* Northcross v. Memphis Bd. of Education, 412 U.S. 427, 428 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." Resolution Trust Corp. v Hallmark Builders, Inc., 836 F.2d 114, 1147 (11th Cir. 1993); Friend v. Kolodzieczak, 72 F. 3d 1386, 1389 (9th Cir. 1995); Thorpe, 963 F. Supp. at 1174.

26. The time of Jibrael S. Hindi totaled 17.4 hours. The customary hourly rate of Jibrael S. Hindi is $395.00 per hour. Consequently, the lodestar calculation for the services of Jibrael S. Hindi in this matter is $6,873.00 (17.4 hours times $395.00/hour). Therefore, the total lodestar calculation for reasonable attorneys' fees is $6,873.00.

27. Plaintiff as the prevailing party in this Action, now seeks a judgment for attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure and U.S.C 15 1692k.

28. Plaintiff is represented by Jibrael S. Hindi, Esq. ("Counsel"). Including the filing of this Motion, Counsel expended a total 17.4 hours on behalf of Plaintiff. *See* Exhibit A, *Declaration of Jibrael S. Hindi*; and Exhibit B, *Timesheet*.

29. The hourly rate for the services provided by Jibrael S. Hindi, Esq., is $395.00 per hour. *See* Exhibit A & B. Accordingly, the reasonable attorneys' fees for the services of Counsel in this Action is $6,873.00 (*17.4 hours multiplied by $395.00/hour*). Id.

    C.    ***COUNSEL FOR PLAINTIFF'S HOURLY RATE IS APPROPRATE***

30. The amount of damages recovered by a plaintiff does not affect counsel's entitlement to reasonable attorney's fees. As long as the plaintiff is successful, the plaintiff should be awarded attorney's fees pursuant to the loadstar calculation.

31. The Seventh Circuit reversed a District Court's denial of attorney's fees even though the plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. Zagorski v. Midwest Billing Services, Inc., 128 F. 3d 1164 (7th Cir. 1997). Of course, the amount of reasonable attorney's fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. Schimmel v. Slaughter, 975 F. Supp. 1481, 1484 (M.D. Ga. 1997).

32. Plaintiff's counsel has previously been approved for an hourly rate of $375.00/hour on a similar FDCPA case. Perez v. National Credit Adjusters, LLC., 0:17cv60324 (S.D. Fla. Jun. 22, 2017) (J. Dimitrouleas).

### VII.  COSTS

33.  "[C]osts . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Federal Rule of Civil Procedure 54(d) grants costs to the prevailing party as a matter of course in the absence of a countervailing rule or statute, unless the…[court] directs otherwise." Gilchrist v. Bolger, 733 F. 2d 1551, 1556-7 (11th Cir. 1984) (*citing* Fed. R. Civ. P. 54(d)). This establishes a presumption that costs are to be awarded to a prevailing party. *See* Chapman v. AI Transport, 229 F. 3d 1012, 1038 (11th Cir. 2000).

34.  The Supreme Court has held that in awarding costs, a court may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in the applicable statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

35.  Reimbursable costs under § 1920 include:

(1)  fees of the clerk and marshal;

(2)  fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  fees and disbursements for printing and witnesses;

(4)  fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)  docket fees under section 1923 of this title;

(6)  compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

36.  With respect to the matter at hand, Plaintiff has incurred $450.00 of unreimbursed costs of which are connected to this litigation. An itemized Bill of Costs in accordance with Local Rule 7.3 is attached hereto as Exhibit "C."

37.  The costs incurred by Plaintiff, as stated above, were costs necessary to Plaintiff's prosecution of Defendant in the above captioned matter.

38. In addition to the above costs, Plaintiff also seeks interest pursuant to 28 U.S.C. § 1961 on any award of costs.

### VIII. CONCLUSION

38. WHEREFORE, Plaintiff respectfully request that the Court enter final judgment in favor of Plaintiff and against Defendant for statutory damages in the amount of $2,000.00, attorney fees in the amount of $6,873.00 and costs of $450.00 for a grand total of $9,323.00.

DATED: October 15, 2017

/s/ Jibrael S. Hindi .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

## CERTIFICATION REQUIRED BY LOCAL RULE

Plaintiff's counsel attempted to confer with Defendant regarding this matter but was unable to obtain any response from Defendant.

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

## VERIFICATION OF COUNSEL

In accordance with Local Rule 7.3(a)(7) for the Southern District of Florida, I verify under penalty of perjury that the foregoing is true and correct.

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on October 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing. The undersigned further certifies that a copy of this motion has been sent to following addresses:

Frontline Asset Strategies, LLC
2700 Snelling Ave. N.
Suite 250
Roseville, MN 55113

Frontline Asset Strategies, LLC
C/O Registered Agent
CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259